IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRUSTEES OF THE UTAH CARPENTERS' AND CEMENT MASONS' PENSION TRUST,<br><br>        Plaintiffs,<br><br>vs.<br><br>NEW STAR/CULP, L.C.<br><br>        Defendant. | **ORDER AND MEMORANDUM DECISION**<br><br>GRANTING MOTION FOR ATTORNEY'S FEES, NONTAXABLE COSTS, INTEREST and LIQUIDATED DAMAGES,<br><br>and FINDING MOOT MOTION FOR ENLARGEMENT OF TIME<br><br>Case No: 2:07-cv-699 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiffs Trustees of the Utah Carpenters' and Cement Masons' Pension Trust (the Trust), moved[1] the Court for an order awarding the Trust attorney's fees, nontaxable costs, interest and liquidated damages as required by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(g)(2); 29 U.S.C. § 1145; 29 U.S.C. § 1451(b).  Defendant argues that the motion was filed three days late, and therefore was untimely and should be denied by the Court.[2]  District Judge Tena Campbell referred the motion to the Magistrate Judge for resolution.[3]

---

[1] Motion for Attorney Fees, Nontaxable Costs, Interest and Liquidated Damages, docket no. 55, filed 2/26/09.

[2] Memorandum in Opposition at 3, docket no. 63, filed 3/13/09.

[3] Order, docket no.62, filed 3/2/09.

The Trust submitted the motion for the award of costs and fees on February 26, 2009.
Defendant argues that Rule 54(d)(2)(B) requires that the motion be filed within 14 days after
entry of judgment.[4] A judgement was entered in this case on February 9, 2009.[5] Therefore,
Defendant claims that the Trust's motion is 3 days late and that the fees requested should not be
awarded. In addition to filing a reply,[6] the Trust filed a motion[7] under Rule 6(b)(1)(B)[8] for a 3-
day enlargement of time to file the motion for costs and fees. In support of the extension motion,
the Trust explains that local counsel's paralegal informed the out-of-state lead counsel that 3
days mailing would be added to the motion deadline and lead counsel relied on this incorrect
information.[9]

Rule 54 generally governs when attorney's fees are awarded as ancillary relief, requiring a
party to file a motion to the court to recover the fees.[10] Yet, the procedures for presenting claims
for attorney's fees outlined in Rule 54 do not "apply to fees recoverable as an element of
damages."[11] In this case, the ERISA statute, 29 U.S.C. § 1132(g)(2)(D) clearly states that

---

[4] *See* Fed. R. Civ. P. 54(d)(2)(B)(i).

[5] Judgment, docket no. 54, filed 2/09/09.

[6] Reply Memorandum in Support of their Motion for Attorney's Fees, Nontaxable Costs, Interest and Liquidated Damages, docket no. 66, filed 3/20/09.

[7] Motion for Enlargement of Time, docket no. 65, filed 3/20/09.

[8] "When an act may or must be done within a specified time, the court may, for good cause, extend the time on a motion make after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

[9] Memorandum in Support of Motion for Enlargement of Time at 5, docket no. 67, filed 3/20/09.

[10] *See* Fed. R. Civ. P. 54(d)(2)(B).

[11] Fed. R. Civ. P. 54(d)(2)(A), 1993 Amendment advisory committee's note.

attorney's fees are a mandatory part of damages to be awarded when there is a judgment in favor of the plan.[12]  But the ERISA statute does not provide a specific mechanism to present these mandatory damage amounts to the court.  Because reasonable attorney's fees, nontaxable costs, interest and liquidated damages are all elements of damages to be awarded under ERISA, they are not governed by Rule 54 in this case.[13]

The Trust had already requested the mandatory awards under ERISA in their summary judgment motion.[14]  Only after the court granted the summary judgment motion[15] and entered a judgment for the unpaid contribution, could the calculations for the interest on that liability and the amount of attorney's fees be accurately calculated and determined.  Defendants do not object to any of the amounts submitted by the Trust; just to the timing of the filing.  The court has found that the timing requirements of Rule 54(d)(2)(B) do not apply, so the court will award the

---

[12]  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of -
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2)(D).  *See also Trustees of Colorado Statewide Ironworkers (Erector) Joint Apprenticeship and Training Trust Fund v. A & P Steel, Inc.*, 824 F.2d 817, 818 (10th Cir. 1987); *May v. Interstate Moving & Storage Co.*, 739 F.2d 521, 525 (10th Cir. 1984).

[13] *See Hanley v. Herrill Bowling Corp.*, No. 94 Civ. 4611(RPP), 1996 WL 79324, at *2 (S.D.N.Y. Feb. 23, 1996).

[14] Memorandum in Support of Motion for Summary Judgment at 11, docket no. 15, filed 9/19/08.

[15] Order and Memorandum Decision, docket no. 52, filed 2/9/09.

additional mandatory awards as required under ERISA.

**ORDER**

IT IS HEREBY ORDERED that the Trust's motion for attorney's fees, nontaxable costs, interest and liquidated damages as required by ERISA[16] is GRANTED. Accordingly, the Trust is awarded: Interest of $68,063.20; Liquidated Damages of $68,063.20; and Attorney's fees and nontaxable costs of $42,711.62. The court has already entered a judgment in the amount of $185,256 for the Withdrawal Liability.[17]

IT IS FURTHER ORDERED that the Motion for Enlargement of Time[18] is MOOT.

May 13, 2009.

BY THE COURT:

*[signature]*

David Nuffer
U.S. Magistrate Judge

---

[16] Docket no. 55.

[17] Docket no. 54.

[18] Docket no. 65.